**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| RUBEN FLORES RODRIGUEZ, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  A-26-CV-02090-XR |
| | § | |
| MIGUEL VERGARA, IN HIS OFFICIAL | § | |
| CAPACITY AS FIELD OFFICE | § | |
| DIRECTOR FOR THE SAN ANTONIO | § | |
| FIELD OFFICE, IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; | § | |
| CHARLOTTE COLLINS, IN HER | § | |
| OFFICIAL CAPACITY AS WARDEN OF | § | |
| T. DON HUTTO DETENTION CENTER; | § | |
| DAVID J. VENTURELLA, IN HIS | § | |
| OFFICIAL CAPACITY AS SENIOR | § | |
| DIRECTOR FOR U.S. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT; | § | |
| MARKWAYNE MULLIN, IN HIS | § | |
| OFFICIAL CAPACITY AS SECRETARY | § | |
| OF THE DEPARTMENT OF | § | |
| HOMELAND SECURITY; AND TODD | § | |
| BLANCHE, IN HIS OFFICIAL | § | |
| CAPACITY AS ACTING ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; | § | |
| *Respondents* | § | |

## ORDER FOR SERVICE

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1).

It is **ORDERED** that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of

It is **FURTHER ORDERED** that Respondents shall file a response to the Petition **within seven (7) days** of the date of service. The response must identify:

(1)    Petitioner's alleged country of birth;[3]

(2)    Petitioner's alleged date of entry and statutory basis for removability;

(3)    Petitioner's previous immigration detention history, if any;[4] and

(4)    Petitioner's alleged immigration status.[5]

It is **FURTHER ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than seven days after the Respondents file their answers/responses.

It is so **ORDERED**.

**SIGNED** this July 30, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

2